**Mrs. Veda T. BRITT, Plaintiff-Appellant,**

v.

**KENNESAW LIFE INSURANCE COMPANY, Defendant-Appellee.**

No. 77–1440

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

Harry R. Allen, Gulfport, Miss., Emmett R. Cox, Mobile, Ala., for plaintiff-appellant.

Alben N. Hopkins, Gulfport, Miss., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM.

Plaintiff Veda T. Britt takes this appeal from the district court's order granting summary judgment for the defendant, Kennesaw Life Insurance Company. The defendant issued an insurance policy on the life of plaintiff's husband in 1962. The policy, naming plaintiff as beneficiary, provided for both ordinary death benefits and, by a rider, accidental death benefits. Another rider provided that in the event of the insured's total and permanent disability, each premium under the policy would be waived. In 1970 the insured filed an application and claim for total disability. The insurance company granted the claim and waived subsequent premiums. In 1971 the insured died accidentally.[1]

Plaintiff, having collected from the insurer ordinary death benefits, now seeks to recover for her husband's accidental death. The sole issue is whether the accidental death rider was terminated when the defendant granted the insured's claim for permanent and total disability. The accidental death rider provided in part:

> The insurance under this Rider shall automatically terminate: (a) if any premium on said Policy or on this Rider is not paid when due . . . or (b) if any

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. The concession that the insured's death was "accidental" came only after much judicial water had gone over the dam. *See Britt v. Travelers Insurance Co.*, 556 F.2d 336 (5th Cir. 1977); *Britt v. All American Assurance Co. of Louisiana*, 333 So.2d 629 (Miss.1976).

claim be allowed under the provisions of said Policy or of any Rider attached thereto and made a part thereof relating to total and permanent disability of the insured   .   .   .

The only possible point of contention between the parties is whether the insurance company's waiving the insured's premiums as a result of his 1970 claim for total and permanent disability constituted the allowance of a "claim   .   .   .   relating to total and permanent disability." If it did constitute allowing such a claim, the accidental death rider terminated prior to the insured's death in 1971.

Under the policy in question the only possible benefit arising from a claim for total disability was the waiver of premiums. The defendant granted this benefit. Under the circumstances we think plaintiff's argument that defendant's granting this benefit was not the allowance of a claim because it paid no benefits is clearly mistaken. Consequently we agree with the district court that the insured terminated the accidental rider policy in 1970. The judgment of the district court is AFFIRMED.